**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-723C, 15-799C
Filed: March 16, 2016

**FILED**
MAR 1 6 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MONTE LITTLE COYOTE &
MARK WAYNE BALLARD,

    Plaintiffs, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Monte Little Coyote**, Marianna, Florida, *pro se*.

**Mark Wayne Ballard**, Marianna, Florida, *pro se*.

**Melissa Baker**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND FINAL ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

**BRADEN**, *Judge*.

I.      **RELEVANT FACTUAL BACKGROUND.**[1]

Mr. Monte Little Coyote currently is an inmate at the Federal Correctional Institution in Marianna, Florida. *Little Coyote* Compl. at 1. Mr. Little Coyote plead guilty to aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a)[2] and 2241(a).[3] *See United States v. Little*

---

[1] The facts discussed herein were derived from: Mr. Little Coyote's July 13, 2015 Complaint, ("*Little Coyote* Compl."); Mr. Ballard's July 28, 2015 Complaint, ("*Ballard* Compl."); and the January 14, 2016 Joint Response to the Government's Motion To Dismiss, ("Pls. Resp."). *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged.").

[2] Section 1153(a) of the Indian Crimes Act of 1976, in relevant part, provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a).

[3] Section 2241(a) of the Criminal Law and Procedure Technical Amendment Act of 1886, in relevant part, provides:

> By force or threat—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act—
>
> (1) by using force against that other person; or
>
> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
>
> or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a).

*Coyote, Jr.*, No. CV 15–63–BLG–DWM, 2015 WL 4617443 (D. Mont. July 31, 2015). Mr. Mark Wayne Ballard also is currently an inmate at the Federal Correctional Institution in Marianna, Florida. *Ballard* Compl. at 1. Mr. Ballard plead guilty to the charge of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and 2241(a). Pls. Resp. at 4.

## II. RELEVANT PROCEDURAL HISTORY.

On July 13, 2015, Mr. Little Coyote filed a Complaint in the United States Court of Federal Claims, alleging that the United States ("the Government") violated "the Taking[s] Clause, Due Process Clause, and the Non-Delegation Of Powers Clause of the United States Constitution by charging and indicting Little Coyote[.]" *Little Coyote* Compl. at 1. The July 13, 2015 Complaint also alleged that the Government failed "to define the element of 'force' to the grand jury." *Little Coyote* Compl. at 1. In addition, the July 13, 2015 Complaint also alleges that the Government entered into an illegal contract by threatening to withhold "federal funding if an increased amount of Indian cases were not submitted for federal indictments per month . . . with the increased submissions enabled by . . . lowering the evidentiary threshold for federal indictment from plausible to viable." *Little Coyote* Compl. at 2. The July 13, 2015 Complaint adds that governmental acts violated the Fort Laramie Treaty of 1851[4] and Fort Laramie Treaty of 1868.[5] *Little Coyote* Compl. at 2. Finally, the July 13, 2015 Complaint alleged that numerous

---

[4] The Fort Laramie Treaty of 1851, in relevant part, provides:

> In consideration of the [T]reaty stipulations, and for the damages which have or may occur by reason thereof to the Indian nations, parties hereto, and for their maintenance and the improvement of their moral and social customs, the United States bind themselves to deliver to the said Indian nations the sum of fifty thousand dollars per annum for the term of ten years, with the right to continue the same at the discretion of the President of the United States for a period not exceeding five years thereafter, in provisions merchandise, domestic animals, and agricultural implements, in such proportions as may be deemed best adapted to their condition by the President of the United States, to be distributed in proportion to the population of the aforesaid Indian nations.

Fort Laramie Treaty of 1851, 11 Stat. 749.

[5] The Fort Laramie Treaty of 1868, in relevant part, provides:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent, and forwarded to the Commissioner of Indian Affairs at Washington city, proceed at once to cause the offender to be arrested and punished according to the laws of the

3

federal acts, including the Tribal Law & Justice Act, and Violence Against Woman Act were not "published," pursuant to the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.* ("APA"). *Little Coyote* Compl. at 2. On July 13, 2015, Mr. Little Coyote also filed a Motion For Leave To Proceed *In Forma Pauperis*. Mr. Little Coyote's case initially was assigned to the Honorable Judge Lydia Kay Griggsby.

> United States, and also reimburse the injured person for the loss sustained.
>
> If bad men among the Indians shall commit a wrong or depredation upon the person or property of [any] one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent, and notice by him, deliver up the wrongdoer to the United States, to be tried and punished according to its laws, and, in case they willfully refuse so to do, the person injured shall be reimbursed for his loss from the annuities, or other moneys due or to become due to them under this or other treaties made with the United States; and the President, on advising with the Commissioner of Indian Affairs, shall prescribe such rules and regulations for ascertaining damages under the provisions of this article as in his judgment may be proper, but no one sustaining loss while violating the provisions of this [T]reaty, or the laws of the United States, shall be reimbursed therefor. . . .
>
> In lieu of all sums of money or other annuities provided to be paid to the Indians herein named under any [T]reaty or treaties heretofore made, the United States agrees to deliver at the agency house on the reservation herein named, on or before the first day of August of each year, for thirty years, the following articles, to wit:
>
> For each male person over 14 years of age, a suit of good substantial woolen clothing, consisting of coat, pantaloons, flannel shirt, hat, and a pair of home-made socks.
>
> For each female over 12 years of age, a flannel shirt, or the goods necessary to make it, a pair of woolen hose, 12 yards of calico, and 12 yards of cotton domestics.
>
> For the boys and girls under the ages named, such flannel and cotton goods as may be needed to make each a suit as aforesaid, together with a pair of woolen hose for each.

Fort Laramie Treaty of 1868, 15 Stat. 649.

On July 28, 2015, Mr. Ballard filed a separate Complaint in the United States Court of Federal Claims, alleging that the Government violated the Due Process Clause of the Fifth Amendment, Article I, Section 8, Clause 18 of the United States Constitution, and the APA, because the Government threatened to withhold "federal contract funding[,] if an increased amount of cases per month (including Ballards' case . . .) were not submitted for federal indictments and prosecutions . . . with the increased submissions enabled by . . . lowering the evidentiary threshold for federal indictment and conviction from plausible to viable." *Ballard* Compl. at 2. The July 28, 2015 Complaint also alleged that Congress illegally enacted 18 U.S.C. §§ 1153(a) and 2241(a), because these statutes were not published, as required by the APA. *Ballard* Compl. at 2. In addition, the July 28, 2015 Complaint alleged that the Government illegally required the Cherokee Tribe (of which Mr. Ballard is a member) "to relinquish [T]reaty rights to education, health care, housing, law, and environmental protection by denying funding for those programs[.]" *Ballard* Compl. at 2. That same day, Mr. Ballard also filed: a Motion For Leave To Proceed *In Forma Pauperis*; a Motion For Preliminary Injunction; a Motion For Temporary Restraining Order; and a Notice Of Directly Related Cases: *Little Coyote v. United States*, No. 15-723C; *Fourstar v. United States*, No. 15-14C; *Peters v. United States*, No. 15-528C; and *Jones v. United States*, No. 15-806C. Mr. Ballard's case was assigned to the undersigned judge.

On August 13, 2015, the Government filed a Motion To Consolidate And Stay Proceedings in *Little Coyote v. United States*, No. 15-723C and *Ballard v. United States*, No. 15-799C, until the court ruled on the Government's Motion To Dismiss in *Peters v. United States*, No. 15-528C.

On August 18, 2015, *Little Coyote v. United States*, No. 15-723C was reassigned to the undersigned judge. That same day, the court granted the Government's Motion To Consolidate And Stay Proceedings in *Little Coyote v. United States*, No. 15-723C and *Ballard v. United States*, No. 15-799C, pending resolution of *Peters v. United States*, No. 15-528C.[6]

On August 20, 2015, Mr. Ballard filed another Motion For Leave To Proceed *In Forma Pauperis*. That same day, the court granted Mr. Ballard's July 28, 2015 and August 20, 2015 Motions For Leave To Proceed *In Forma Pauperis*.

On November 24, 2015, the Government filed a Motion To Dismiss ("Gov't Mot.") the consolidated cases *Little Coyote v. United States*, No. 15-723C and *Ballard v. United States*, No. 15-799C, pursuant to Rules 12(b)(1)[7] and 12(b)(6)[8] of the Rules of the United States Court of Federal Claims ("RCFC").

---

[6] On November 10, 2015, the court dismissed the *pro se* Complaint in *Peters v. United States*, No. 15-528C. *See* Memorandum Opinion And Final Order, *Peters v. United States*, No. 15-528C, Dkt. No. 20 at 9.

[7] RCFC 12(b)(1), in relevant part, provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: Lack of subject-matter jurisdiction[.]" RCFC 12(b)(1).

On December 28, 2015, Mr. Little Coyote and Mr. Ballard (hereinafter "Plaintiffs") jointly filed a Response to the Government's November 24, 2015 Motion To Dismiss.

On January 7, 2016, the court granted Mr. Little Coyote's Motion For Leave To Proceed *In Forma Pauperis*. On that same day, the court denied Mr. Ballard's Motion For Preliminary Injunction And Restraining Order, because on November 10, 2015, the court issued a Memorandum Opinion And Final Order in *Peters* lifting the Stay in *Ballard*. *Ballard v. United States*, No. 15-799C, Dkt. No. 11 at 1. But, the court granted Mr. Ballard leave to file updated motions.

On January 14, 2016, the Government filed a Reply To Plaintiffs' Opposition To Defendant's Motion To Dismiss ("Gov't Reply").

On February 25, 2016, Plaintiffs filed a Motion To Amend Complaints ("Pls. Mot.") to include claims for: wrongful imprisonment; criminal indictment; $1,000,000 in compensatory damages, plus interests and costs; appointment of counsel, and other relief appropriate under the All Writs Act.[9] Pls. Mot. at 1–5. The amended claims arose from the alleged wrongful and negligent restraint of Plaintiffs' rights by Federal Bureau of Prisons employees. Pls. Mot. 1–5. Plaintiffs' also claim that their rights were violated under the Ex post Facto Clause;[10] the Fort Laramie Treaties of 1851 and 1868; the Racketeer Influenced and Corruption Organizations Act

---

[8] RCFC 12(b)(6), in relevant part, provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: Failure to state a claim upon which relief can be granted[.]" RCFC 12(b)(6).

[9] Section 1651 of the All Writs Act, in relevant part, provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

[10] "An Ex post Facto Law is "[a] law that applies retroactively, esp. in a way that negatively affects a person's rights[.]" BLACK'S LAW DICTIONARY 601 (7th ed. 1999). The Ex post Facto Clause of the United States Constitution provides, "[n]o Bill of Attainder or [E]x post [F]acto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

6

("RICO");[11] and the Sixth,[12] Eighth,[13] and Fourteenth Amendment[14] of the United States Constitution. Pls. Mot. at 3. On that same day, Plaintiffs also filed a Motion For Interlocutory

---

[11] Section 1962 of RICO, in relevant part, provides:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

[12] The Sixth Amendment, in relevant part, provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and

Appeal, Injunction, Temporary Restraining Order Relief And Motion For Relief Under All Writs Act, Opposition To Motion To Dismiss.

On March 3, 2016, the Government filed a Motion To Stay Or For Enlargement Of Time To Respond To Plaintiffs' Motions ("Gov't Reply").

### III.   DISCUSSION.

#### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

---

> district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI.

[13] The Eighth Amendment, in relevant part, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[14] Section 1 of the Fourteenth Amendment, in relevant part, provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend XIV, § 1.

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provide a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. The Court's Resolution.

#### a. *Pro Se* Considerations.

The court is cognizant of its obligation to construe liberally *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs still must "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). Therefore, as a matter of law, the court is not at liberty to excuse a Complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

#### b. Whether The Court Has Jurisdiction To Adjudicate The Claims Alleged In Plaintiffs' Complaints.

As a threshold issue, the Fifth Amendment's Due Process Clause of the United States Constitution is not money-mandating. "[I]t is well established that the [United States] Court of Federal Claims lacks jurisdiction over [Fifth Amendment's Due Process and Double Jeopardy] claims[,] because neither of the two clauses is a money-mandating provision." *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998).

The court also does not have jurisdiction to adjudicate the claims based on Article I, Section 8, the Ex post Facto Clause, the Eighth Amendment, and the Fourteenth Amendment of the United States Constitution; the Fort Laramie Treaties; or the APA. Article I, Section 8 of the United States Constitution, in relevant part, requires that Congress "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. But, the United States Supreme Court has held "the proposition that all constitutional provisions are enforceable by any citizen simply because citizens are the ultimate beneficiaries of those provisions has no boundaries." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974). Similarly, the court does not have jurisdiction over matters arising out of the Eighth Amendment and the Fourteenth of the United States Constitution; and the Ex post

Facto Laws, because they are not money-mandating. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision.") (internal quotations omitted); *see also LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The United States Court of Federal Claims does not have jurisdiction over claims arising under the Equal Protection Clause of the Fourteenth Amendment, because they are not money-mandating provisions.); *see Atlas Corp. v. United States*, 15 Cl. Ct. 681, 691 (1988) *aff'd*, 895 F.2d 745 (Fed. Cir. 1990) ("[T]here is no language in the *[E]x post [F]acto* [C]lause itself which requires the payment of money damages for its violation."). Moreover, although the Complaints allege Treaty violations, the relevant provisions of the Treaties that require payment of money have expired. *See* Fort Laramie Treaty of 1851, 11 Stat. 749; *see also* Fort Laramie Treaty of 1868, 15 Stat. 649. In addition, "the APA does not authorize an award of money damages at all; to the contrary, Section 10(a) of the APA, 5 U.S.C. § 702, specifically limits [that] Act to actions seeking relief other than money damages." *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (internal quotations omitted).

In addition, the court does not have jurisdiction to adjudicate matters arising from the Sixth Amendment of the United States Constitution and RICO, because the court does not have jurisdiction over matters stemming from criminal claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994) (The United States Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

As for Plaintiffs' Fifth Amendment Takings Clause claims, to establish standing, Plaintiffs must show:

> (1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

In this case, the Complaints do not allege what specific private property interest the Government has taken. *See KC Res., Inc. v. United States*, 115 Fed. Cl. 602, 603 (2014) *aff'd*, 607 F. App'x 993 (Fed. Cir. 2015) ("[A Takings Clause claim] accrues only to the owner of a property right interest at the time a [T]aking occurs."). Nor do the Complaints allege that Plaintiffs have suffered specific "injury in fact." Because the Complaints failed to show an "injury in fact," the court need not address the remaining elements of standing.

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the claims alleged in Plaintiffs' Complaints.

## II. CONCLUSION.

For these reasons, the Government's November 24, 2015 Motion to Dismiss is **granted**. *See* RCFC 12(b)(1). Other pending motions are moot. The Clerk is directed to **dismiss** the July 13, 2015 and July 28, 2015 Complaints.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**